UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF TERRILL THOMAS, by
and through its special administrator, Tiffany
Robertson,

       Plaintiff,

    v.                               Case No. 17-CV-1128-PP

MILWAUKEE COUNTY, et al.,

       Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME defendants Milwaukee County, Joshua Briggs, Rafael Brito, Matthew Carroll, David A. Clarke, Jr., LeCarlin Collins, Brian Dragoo, Anthony Emanuele, Steven Haw, David Ledger, Joshua Legere, Devin O'Donnell, Decorie Smith, Scott Sobek, and Devonta Townes (the "Answering Defendants"), by their attorneys, Husch Blackwell LLP, and answer the allegations of the Complaint herein, filed August 14, 2017 ("Complaint"), as follows:

## I. INTRODUCTION

1. Answering ¶ 1 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that plaintiff purports to so proceed.

2. Answering ¶ 2 of the Complaint, the Answering Defendants deny the allegations set forth therein.

3. Answering ¶ 3 of the Complaint, the Answering Defendants deny the allegations set forth therein.

4. Answering ¶ 4 of the Complaint, the Answering Defendants deny the allegations set forth therein.

5.     Answering ¶ 5 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that plaintiff purports to so proceed.

## II.     JURISDICTION AND VENUE

6.     Answering ¶ 6 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that plaintiff purports to so proceed and that this Court has subject matter jurisdiction over plaintiff's claims in this action under federal law pursuant to 28 U.S.C. §§ 1331 and 1343.

7.     Answering ¶ 7 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that plaintiff purports to so proceed and that this Court has subject matter jurisdiction over plaintiff's claims in this action under state law pursuant to 28 U.S.C. § 1367.

8.     Answering ¶ 8 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that plaintiff purports to so proceed and that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.     PARTIES

### A.     Plaintiff

9.     Answering ¶ 9 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Terrill Thomas died in the Milwaukee County Jail on April 24, 2016, and they assert that the allegations set forth in the last two sentences thereof constitute conclusions of law to which no response is required; to the extent a response to those allegations is deemed necessary, they are denied.

## B.     County Defendants

10.     Answering ¶ 10 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Milwaukee County is a municipal corporation organized under the laws of Wisconsin and that the County owns and operates the Milwaukee County Jail.

11.     Answering ¶ 11 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that David A. Clarke, Jr. was the Sheriff of Milwaukee County between March 2002 and August 2017.

12.     Answering ¶ 12 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that Nancy Evans was employed by the Milwaukee County Sheriff's Office in the Milwaukee County Jail in April 2016.

13.     Answering ¶ 13 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that Kevin Nyklewicz was employed by the Milwaukee County Sheriff's Office as a deputy inspector in the Milwaukee County Jail in April 2016.

14.     Answering ¶ 14 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Scott Sobek resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a captain in the Milwaukee County Jail in April 2016.

15.     Answering ¶ 15 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that Jeffrey Andrykowski was employed by the Milwaukee County Sheriff's Office as a captain in the Milwaukee County Jail in April 2016.

16.     Answering ¶ 16 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Joshua Briggs resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a lieutenant in the Milwaukee County Jail in April 2016.

17.     Answering ¶ 17 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Steven Haw resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a lieutenant in the Milwaukee County Jail in April 2016.

18.     Answering ¶ 18 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that Kashka Meadors was employed by the Milwaukee County Sheriff's Office as a lieutenant in the Milwaukee County Jail in April 2016.

19.     Answering ¶ 19 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Devonta Townes was employed by the Milwaukee County Sheriff's Office as a lieutenant in the Milwaukee County Jail in April 2016.

20.     Answering ¶ 20 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Rafael Brito was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

21.     Answering ¶ 21 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Matthew Carroll resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a lieutenant in the Milwaukee County Jail in April 2016.

22.     Answering ¶ 22 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that LeCarlin Collins was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

23.     Answering ¶ 23 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Brian Dragoo resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

24.     Answering ¶ 22 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except

they admit that Anthony Emanuele resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

25. Answering ¶ 25 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that JorDon Johnson was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

26. Answering ¶ 26 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that Thomas Laine was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

27. Answering ¶ 27 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that David Ledger resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

28. Answering ¶ 28 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Joshua Legere resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

29. Answering ¶ 29 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except

they admit that Devin O'Donnell resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

30. Answering ¶ 30 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that James Ramsey-Guy was employed by the Milwaukee County Sheriff's Office a corrections officer in the Milwaukee County Jail in April 2016.

31. Answering ¶ 31 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that Decorie Smith resides in Wisconsin and was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

32. Answering ¶ 32 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that Dominique Smith was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

33. Answering ¶ 33 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that they admit that John Weber was employed by the Milwaukee County Sheriff's Office as a corrections officer in the Milwaukee County Jail in April 2016.

34. Answering ¶ 34 of the Complaint, the Answering Defendants submit that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Answering Defendants deny said allegations, except they admit that plaintiff purports to so proceed.

### C. Armor Medical Defendants

35. Answering ¶ 35 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Milwaukee County contracted with Armor Correctional Health Services, Inc. to provide medical and mental health services to inmates in the Milwaukee County Jail in April 2016.

36. Answering ¶ 36 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

37. Answering ¶ 37 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

38. Answering ¶ 38 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

39. Answering ¶ 39 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

40. Answering ¶ 40 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### IV. FACTUAL ALLEGATIONS

41. Answering ¶ 41 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

42. Answering ¶ 42 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

43. Answering ¶ 43 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Thomas was booked into the Milwaukee County Jail on April 16, 2016.

44. Answering ¶ 44 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

45. Answering ¶ 45 of the Complaint, the Answering Defendants admit the allegations set forth therein.

46. Answering ¶ 46 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

47. Answering ¶ 47 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

48. Answering ¶ 48 of the Complaint, the Answering Defendants deny the allegations set forth therein.

49. Answering ¶ 49 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

50. Answering ¶ 50 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

51. Answering ¶ 51 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

52. Answering ¶ 52 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that inmates housed in Unit 4D of the Milwaukee County Jail are housed in single-person cells, that said cells have solid doors with windows, and that said doors have food chutes through which meal trays are passed.

53. Answering ¶ 53 of the Complaint, the Answering Defendants admit the allegations set forth therein, except they deny the allegations set forth in the last sentence thereof.

54. Answering ¶ 54 of the Complaint, the Answering Defendants admit the allegations set forth therein.

MIL-28944907-2 810229/3

55. Answering ¶ 55 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that in April 2016 keys to the plumbing chases were kept at the officer stations within the housing units.

56. Answering ¶ 56 of the Complaint, the Answering Defendants deny the allegations set forth therein.

57. Answering ¶ 57 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that, in April 2016, inmates housed in Unit 4D on discipline received nutraloaf for their meals six days a week.

58. Answering ¶ 58 of the Complaint, the Answering Defendants deny the allegations set forth therein.

59. Answering ¶ 59 of the Complaint, the Answering Defendants deny the allegations set forth therein.

60. Answering ¶ 60 of the Complaint, the Answering Defendants admit the allegations set forth therein.

61. Answering ¶ 61 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendant Kashka Meadors.

62. Answering ¶ 62 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences thereof.

63. Answering ¶ 63 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence thereof.

64.     Answering ¶ 64 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first three sentences thereof.

65.     Answering ¶ 65 of the Complaint, the Answering Defendants deny the allegations set forth therein.

66.     Answering ¶ 66 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence thereof.

67.     Answering ¶ 67 of the Complaint, the Answering Defendants deny the allegations set forth therein.

68.     Answering ¶ 68 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

69.     Answering ¶ 69 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

70.     Answering ¶ 70 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

71.     Answering ¶ 71 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

72.     Answering ¶ 72 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

73.     Answering ¶ 73 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

74. Answering ¶ 74 of the Complaint, the Answering Defendants deny the allegations set forth therein.

75. Answering ¶ 75 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

76. Answering ¶ 76 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

77. Answering ¶ 77 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

78. Answering ¶ 78 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

79. Answering ¶ 79 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

80. Answering ¶ 80 of the Complaint, the Answering Defendants deny the allegations set forth therein.

81. Answering ¶ 81 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit the allegations set forth in the first and last sentences thereof.

82. Answering ¶ 82 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

83. Answering ¶ 83 of the Complaint, the Answering Defendants admit the allegations set forth therein.

84. Answering ¶ 84 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

85. Answering ¶ 85 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that defendant Haw conducted a disciplinary hearing with Thomas via intercom on April 20, 2016.

86. Answering ¶ 86 of the Complaint, the Answering Defendants deny the allegations set forth therein.

87. Answering ¶ 87 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

88. Answering ¶ 88 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

89. Answering ¶ 89 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that defendants Sobek and Townes were in Pod 4D at approximately 1:50 p.m. on April 22, 2016, they admit that the fire alarm in Thomas' cell kept going off on the afternoon of April 22, 2016, and they deny knowledge or information sufficient to form a belief as to the cause thereof.

90. Answering ¶ 90 of the Complaint, the Answering Defendants deny the allegations set forth therein.

91. Answering ¶ 91 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

92.     Answering ¶ 92 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

93.     Answering ¶ 93 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

94.     Answering ¶ 94 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

95.     Answering ¶ 95 of the Complaint, the Answering Defendants deny the allegations set forth therein.

96.     Answering ¶ 96 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97.     Answering ¶ 97 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

98.     Answering ¶ 98 of the Complaint, the Answering Defendants deny the allegations set forth therein.

99.     Answering ¶ 99 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

100.     Answering ¶ 100 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

101.     Answering ¶ 101 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit the allegations set forth in the first and third sentences thereof.

102.     Answering ¶ 102 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit the allegations set forth in the first sentence thereof.

103.     Answering ¶ 103 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit the allegations set forth in the first three sentences thereof.

104.     Answering ¶ 104 of the Complaint, the Answering Defendants admit the allegations set forth therein, except they deny the argumentative characterization of Decorie Smith's actions as "finally" occurring.

105.     Answering ¶ 105 of the Complaint, the Answering Defendants admit the allegations set forth therein.

106.     Answering ¶ 106 of the Complaint, the Answering Defendants admit the allegations set forth therein.

107.     Answering ¶ 107 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

108.     Answering ¶ 108 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that the Milwaukee County Medical Examiner's Office conducted an autopsy on Thomas, and they respectfully refer this Court to the report of said autopsy for the full text and import thereof.

109.     Answering ¶ 109 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that the Milwaukee County Medical Examiner's Office conducted an autopsy on

Thomas, and they respectfully refer this Court to the report of said autopsy for the full text and import thereof.

110. Answering ¶ 110 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that the Milwaukee County Medical Examiner's Office conducted an autopsy on Thomas, and they respectfully refer this Court to the report of said autopsy for the full text and import thereof.

111. Answering ¶ 111 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that the Milwaukee Counmty District Attorney's Office conducted an inquest into Thomas' death in April and May 2017.

112. Answering ¶ 112 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

113. Answering ¶ 113 of the Complaint, the Answering Defendants deny the allegations set forth therein.

114. Answering ¶ 114 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115. Answering ¶ 115 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116. Answering ¶ 116 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117. Answering ¶ 117 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.    Answering ¶ 118 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.    Answering ¶ 119 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.    Answering ¶ 120 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Answering ¶ 121 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122.    Answering ¶ 122 of the Complaint, the Answering Defendants deny the allegations set forth therein.

123.    Answering ¶ 123 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that the written policies of the Milwaukee County Jail require inmates to have access to water 24 hours a day, seven days a week.

124.    Answering ¶ 124 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit the allegations of the first two sentences thereof as they relate to defendants Clarke, Briggs, Haw, Sobek, and Townes, and they deny knowledge or information sufficient to form a belief as to the truth of all of the allegations set forth therein as to defendants Evans, Nyklewicz, Andrykowski, and Meadors.

125.    Answering ¶ 125 of the Complaint, the Answering Defendants deny the allegations set forth therein.

126.    Answering ¶ 126 of the Complaint, the Answering Defendants deny the allegations set forth therein.

127.    Answering ¶ 127 of the Complaint, the Answering Defendants deny the allegations set forth therein.

128. Answering ¶ 128 of the Complaint, the Answering Defendants admit the allegations set forth therein, except they deny the allegations set forth in the second sentence thereof.

129. Answering ¶ 129 of the Complaint, the Answering Defendants deny the allegations on the grounds that the November 2016 report by Dr. Shansky speaks for itself, and they respectfully refer this Court to the report for the full text and import thereof.

130. Answering ¶ 130 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to defendants other than the Answering Defendants.

131. Answering ¶ 131 of the Complaint, the Answering Defendants deny the allegations set forth therein.

132. Answering ¶ 132 of the Complaint, the Answering Defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

133. Answering ¶ 133 of the Complaint, the Answering Defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

134. Answering ¶ 134 of the Complaint, the Answering Defendants deny the allegations set forth therein.

135. Answering ¶ 135 of the Complaint, the Answering Defendants deny the allegations set forth therein.

136. Answering ¶ 136 of the Complaint, the Answering Defendants deny the allegations set forth therein.

137. Answering ¶ 137 of the Complaint, the Answering Defendants deny the allegations set forth therein.

138. Answering ¶ 138 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

139. Answering ¶ 139 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

140. Answering ¶ 140 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

141. Answering ¶ 141 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142. Answering ¶ 142 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143. Answering ¶ 143 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

144. Answering ¶ 144 of the Complaint, the Answering Defendants deny the allegations set forth therein on the grounds that the May 2016 report of Dr. Shansky speaks for itself, and they respectfully refer this Court to the report for the full text and import thereof.

145. Answering ¶ 145 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

146. Answering ¶ 146 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

147. Answering ¶ 147 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

148.     Answering ¶ 148 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

149.     Answering ¶ 149 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### V.     CLAIMS FOR RELIEF

150.     Answering ¶ 150 of the Complaint, the Answering Defendants deny the allegations set forth therein.

#### A.     Claims Against Individual Defendants

151.     Answering ¶ 151 of the Complaint, the Answering Defendants deny the allegations set forth therein.

152.     Answering ¶ 152 of the Complaint, the Answering Defendants deny the allegations set forth therein.

153.     Answering ¶ 153 of the Complaint, the Answering Defendants deny the allegations set forth therein.

#### B.     Claims Against Milwaukee County

154.     Answering ¶ 154 of the Complaint, the Answering Defendants deny the allegations set forth therein.

155.     Answering ¶ 155 of the Complaint, the Answering Defendants deny the allegations set forth therein.

#### C.     Claims Against Armor Correctional Healthcare Services, Inc.

156.     Answering ¶ 156 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

157.     Answering ¶ 157 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

158. Answering ¶ 158 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

159. Answering ¶ 159 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

160. Answering ¶ 160 of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## VI.    JURY DEMAND

161. Answering ¶ 161 of the Complaint, the Answering Defendants deny the allegations set forth therein, except they admit that plaintiff purports to so proceed.

## VII.    AFFIRMATIVE DEFENSES

1. As an affirmative defense, the Complaint, either in whole or in part, may fail to state a claim upon which relief may be granted.

2. As an affirmative defense, the individual Answering Defendants at all times acted in good faith and are entitled to qualified immunity.

3. As an affirmative defense, any claims by plaintiff under Wisconsin law may be barred by any failure on its part to comply with the notice and claim provisions of Wis. Stat. § 893.80(1).

4. As an affirmative defense, any claims by plaintiff under Wisconsin law may be subject to the damage caps set forth in Wis. Stat. § 893.80(3) or otherwise under Wisconsin law.

5. As an affirmative defense, the Answering Defendants may be immune from suit with respect to any claims by plaintiff under Wisconsin law pursuant to Wis. Stat. § 893.80(4).

6. As an affirmative defense, any harm that may have come to plaintiff may have been the result of superseding and/or intervening causes outside the control of the Answering Defendants.

7.      As an affirmative defense, any harm that may have come to plaintiff may have been the result of the acts or omissions of others.

8.      As an affirmative defense, any harm that may have come to plaintiff may have been the result of Thomas' own negligence or other acts or omissions on his part.

9.      As an affirmative defense, any claims by plaintiff under Wisconsin law may be barred, either in whole or in part, by a failure on plaintiff's part to comply with Chapter 655 of the Wisconsin Statutes.

10.     As an affirmative defense, plaintiff may have failed to mitigate its damages, if any.

11.     As an affirmative defense, although the Answering Defendants deny any unlawful discrimination against Thomas or any other qualified person with a disability, any required accommodation alleged by plaintiff in the Complaint may be barred as a matter of law on the grounds that it would require a fundamental alteration of the relevant Milwaukee County programs, would impose undue financial burdens on the County, or would require modifications that are not reasonable.

12.     As an affirmative defense, any claim by plaintiff under the Americans With Disabilities Act may be barred by a failure to exhaust available administrative remedies on plaintiff's part.

13.     The Answering Defendants state that discovery has not yet commenced and, as a result, that they reserve the right to assert additional affirmative defenses as may be appropriate under the facts as they are developed in discovery.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, the Answering Defendants demand judgment dismissing the Complaint against them on its merits and with prejudice and an order granting them their

costs and disbursements in defending this litigation, together with such other and further relief as this Court deems just and appropriate.

**THESE ANSWERING DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 8th day of December, 2017.

<div style="margin-left:40%">

s/ Andrew A. Jones
_____
Charles H. Bohl
Andrew A. Jones
HUSCH BLACKWELL LLP
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Tel: (414) 273-2100
Fax: (414) 223-5000
Charles.Bohl@huschblackwell.com
Andrew.Jones@huschblackwell.com

*Attorneys for Defendant Milwaukee County, Joshua Briggs, Rafael Brito, Matthew Carroll, David A. Clarke, Jr., LeCarlin Collins, Brian Dragoo, Anthony Emanuele, Steven Haw, David Ledger, Joshua Legere, Devin O'Donnell, Decorie Smith, Scott Sobek, and Devonta Townes*

</div>